# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0461 | **DATE** | 4/23/2008 |
| **CASE TITLE** | Terrell Jones (#2007-0057770) vs. Dr. Carlos Altez, et al. | | |

**DOCKET ENTRY TEXT:**

The court construes the plaintiff's letter [#16] as a motion for appointment of counsel. The motion is denied. The plaintiff is reminded that he must: (1) provide the court with the original plus a judge's copy of every document filed; and (2) include a certificate of service showing that a copy was mailed to opposing counsel. The Clerk is directed to mail the plaintiff another copy of the court's filing instructions.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by discriminating against him and by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that a staff physician refused to treat a skin condition (pimples and boils over his face and body) when the plaintiff informed the doctor that he was not a homosexual; the plaintiff further contends that all medical requests thereafter have been ignored. This matter is before the court for ruling on the plaintiff's motion for appointment of counsel.

The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially **(CONTINUED)**

mjm

**STATEMENT (continued)**

affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

As a final concern, the plaintiff is reminded of basic filing requirements: (1) Ex parte letters to the judge are not permitted. Any requests for court action must be made by motion (such as "motion for appointment of counsel") and filed with the Clerk of Court. (2) The plaintiff must provide the court with the original plus a judge's copy of every document filed. (3) Every document filed must include a certificate of service showing that a copy was mailed to opposing counsel. The Clerk will provide the plaintiff with another copy of the court's filing instructions. In the future, the court may strike without considering any document filed that does not comport with these basic filing requirements.